The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

LISA RASMUSSEN and CAROLE
JOHNSTON, individuals, on their own
behalves and on behalf of all others similarly
situated,

              Plaintiffs,

     vs.

PACIFIC WEBWORKS, Inc., a Nevada
Corporation; BLOOSKY INTERACTIVE,
LLC, a California limited liability company;
and INTERMARK COMMUNICATIONS,
INC., a New York corporation,

              Defendants.

No. C 09-1815 TSZ

**PLAINTIFFS' FIRST AMENDED
COMPLAINT**

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs, Lisa Rasmussen and Carole Johnston, bring this First Amended Class Action Complaint against Defendants Pacific WebWorks, Inc., Intermark Communications, Inc., and Bloosky Interactive, LLC (hereinafter collectively referred to as "Defendants") based upon Defendants' practice of deceptively billing Plaintiffs and similarly-situated others for unauthorized charges. Plaintiffs, for their First Amended Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by their own attorneys.

### Parties

1.     Plaintiff Lisa Rasmussen is a resident of Washington.

2.     Plaintiff Carole Johnston is a resident of Washington.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

3.      Defendant Pacific WebWorks is an online provider of work-at-home products marketed to consumers nationwide.  Pacific WebWorks is a Nevada corporation headquartered in and having its principal place of business at 230 West 400 South, 1st Floor, Salt Lake City, Utah 84101.

4.      Defendant Bloosky Interactive, LLC, is an ad network generating online advertisements, consumer traffic for websites selling products and goods, and conversion optimization for those websites.  Bloosky also performs as an affiliate marketer in this online space.  Bloosky is headquartered in and has its principal place of business at 9 Pasteur, Suite 100, Irvine, California 92618.  It does business in the State of Washington and nationwide.

5.      Defendant Intermark Communications, Inc. is an ad network generating online advertisements, consumer traffic for websites selling products and goods, and conversion optimization for those websites.  Intermark also performs as an affiliate marketer in this online space.  Intermark is headquartered in and has its principal place of business at 135 Crossways Park Drive, Suite 203, Woodbury, New York 11797.  It does business in the State of Washington and nationwide.

## Jurisdiction and Venue

6.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

7.      Venue is proper in this District under 28 U.S.C. § 1391(a) as a significant portion of the injury arose in this District.  Venue is additionally proper because Defendants transact significant business in this District, including soliciting consumer business, and entering into consumer transactions.

## Facts Common to All Counts

8.      With unemployment rising and wages stagnant, Americans are suffering through the worst economy in decades.   In these trying times, ordinary consumers are more vulnerable than ever to a proliferation of work-at-home offers that promise the ability to easily make

PLAINTIFFS' FIRST AMENDED COMPLAINT
No. C 09-1815 TSZ

- 2 -

LAW Offices of
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813  ●  Fax:  (425) 868-7870

thousands of dollars from at-home businesses.

9.     The offers hosted by Defendant Pacific WebWorks, and marketed by Defendants Intermark and Bloosky, state that consumers will work directly with, and be well-paid by, the giant web search engine Google or the online mega-store Amazon.com.  The ability to work for these enormously successful companies reasonably supports the promise of a good income as described in the Defendants' offers.

10.     Defendants' offers begin as initial representations made through a common deceptive scheme managed collaboratively by Pacific WebWorks, Intermark, and Bloosky, constituting spam email offers, sponsored links, banner ads on internet search pages, and links in fake news articles and fake blogs.  The purpose of each of these initial representations is to drive consumer traffic to credit card submit landing pages at which the purchase can be made.

11.     These sponsored links, banner ads, fake news articles, and similar methods of gaining a consumer's attention are created and operated by a group of affiliate marketers and ad networks, such as Intermark and Bloosky, whose sole objective is to drive traffic to merchant landing pages such as those selling Defendant Pacific WebWorks's products.  Intermark and Bloosky act in this space as ad networks and/or affiliate marketers, and in that capacity, actively drive traffic to Pacific WebWorks's websites for their own monetary gain.  The relationship between Pacific WebWorks on the one hand, and Intermark and Bloosky on the other, is one of interdependence: Pacific WebWorks needs the ad networks to market to and contract with affiliate publishers who further propagate the deception through fake news articles and blogs; likewise, Intermark and Bloosky need Pacific WebWorks to monetize the consumer traffic through purchases and thereafter remit payment to the ad networks.

12.     Defendants Pacific WebWorks, Intermark, and Bloosky work together to "optimize" transaction pages so as to drive ever-higher rates of purchase.  All Defendants are motivated to take this active role because the sales revenue generated on a Pacific WebWorks site is the only way that Pacific WebWorks, Intermark, and Bloosky are compensated.  Therefore, Intermark and Bloosky have a vested interest in not only directing consumers to the product page, but also ensuring and actively inducing the consumer to actually purchase the

PLAINTIFFS' FIRST AMENDED COMPLAINT
No. C 09-1815 TSZ

- 3 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813  ●  Fax:  (425) 868-7870

product.  This optimization can include changing the design of ad pages in the order path including the color, words used, placement of words, font size, placement of the Terms of Service, and the use of such "pressures" as phrases like "You Qualify for Instant Access!" and "…these kits are going FAST!" or the use of running timers counting down the minutes left before an offer "expires."  Such pressures are simply fabrications and are dynamically inserted into the website at specified screen locations to further drive sales.

13.    Intermark and Bloosky employ "affiliate managers" and other representative employees to communicate directly with the affiliate publishers who create deceptive advertising such as sponsored links and fake news articles and blogs, with the purpose of matching them with the highest converting merchant offers (usually the most deceptive), and helping them optimize their advertising materials by providing templates and ad copy.  At the same time, Intermark and Bloosky's employees communicate with merchants like Pacific WebWorks so as to match their transaction pages with publishers' advertising pages and optimize their own transaction pages for higher conversion rates (making them more deceptive).  These affiliate managers have full visibility and knowledge of the deceptive advertisements used to drive traffic to work-at-home offers, and likewise, the full knowledge and visibility of the deceptive nature of merchants' transaction pages.

14.    As a primary inducement, consumers are often simply responding to the many initial representations and screenshots that appear to state a relationship with Google or Amazon within the order paths managed by Intermark and Bloosky.  The use of Google or Amazon's names in this manner, and specifically the prospect of working for one of these incredibly successful Internet companies, appears as a primary non-price inducement to deceptively entice consumers to purchase the Pacific WebWorks product.

15.    After a consumer is directed by Intermark and Bloosky to a Pacific WebWorks landing page displaying a work-at-home offer, Pacific WebWorks pushes a product, often a CD or software kit, purportedly designed to enable consumers to "Earn up to $978 or more a day using GOOGLE," "You could earn up to $3500 every month using Amazon" "Work from Home & learn to make $1000s a day using GOOGLE!," "Get INSTANT ACCESS to the AMAZING

- 4 -

WEBSTORES Profit Software Kit!," and "Anyone with a computer and basic typing skills can make money using Google!"

16.    These landing pages typically contain language describing their offering  "As seen on: Fox News, CNN, ABC, and USAToday."  The website prominently features network logos without license from these media entities and are plainly designed to suggest to a consumer that the offering is supported by a reputable entity.  Pacific WebWorks's products have never been "seen on" or endorsed by any of the networks claimed on the website.

17.    The initial landing page seen by a consumer is bright and welcoming, and promises "FAST CASH USING GOOGLE," "AMAZING AMAZON OFFER," "HOME INCOME USING GOOGLE," and "GET CASH USING AMAZON," among other pleasing inducements.  Consumers are driven to these landing pages within the order paths managed by Intermark and Bloosky which promise "$7500 a month job Working from Home Job: requires basic computer skills."[1]  Banner ads even promise "scam free" offers that link to landing pages created by Intermark and Bloosky's business partners on which consumers are promised Pacific WebWorks's products at prices that are not, in fact, remotely close to the actual price charged by Pacific WebWorks.

18.    Defendants' landing pages contain testimonial photos of consumers that have benefited from Defendants' product.  In fact, these photos and testimonials are fake, inasmuch as Defendants' simply use stock photos (commonly available at websites like iStockPhoto.com) and fabricate the testimonials.

19.    In furtherance of the deception, Defendants' landing pages may be reached from embedded links in fake blog testimonials ("flogs") and fake news articles with, again, stock photos and testimonials purportedly representing actual consumers from one's own city or state. These consumers relate stories of terrific success using the Pacific WebWorks product. Examples of these flogs and fake news articles deceptively used to sell Pacific WebWorks's products are:

---

[1] http://www.Google.world-Jobs-herald.com/jobs; http://www.ebizreviewteam.com/

LAW Offices of
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813  ●  Fax:  (425) 868-7870

a.      "USA Online Journal-Finance News" in which "Mary Steadman[2]" tells how she "quit her boring job as a manufacturer's representative" and "now makes $6,500+ a month" using Pacific WebWorks products.

b.      "Consumer Weekly," in which the same "Mary Steadman" photo is used, but this time portrayed as "Elaine Love," tells the story of a woman who also lost her "boring" manufacturing job and now makes thousands using Pacific WebWorks products.

c.      "Chicago Job News" at which "Jerry Reynolds" describes how he "lost his boring job as an account representative for a manufacturing company" and "now makes $5,500+ a month just by submitting small text ads online on Google."

d.      "Scott Hunter" on "wthguide.info," a flog that states how Mr. Hunter also "lost his job as a boring account representative for a manufacturing company."  "Scott" makes "$9,000+ a month just by submitting small text ads on Google."  Upon information and belief, "Scott Hunter" is the pseudonym of an affiliate marketer driving traffic to a Pacific WebWorks site.

20.   Defendant Pacific WebWorks also derives sales from online traffic routed through fake consumer review sites.  At these sites, alleged "advocates" for consumers endorse Pacific

---

[2] "Mary Steadman," the most widely used fake person in fake news articles selling work-at-home products, is also featured or has been featured on the following fake news sites, and at least 90 more websites all across the internet:

www.Seattle-Tribune.com, www.SeattleChronicleNews.com, www.SeattleGazetteNews.com, www.SeattlePostDaily.com, www.The-Seattle-Tribune.com, www.TheSeattleJournalNews.com, www.TheWashingtonGazetteNews.com, www.Washington-Reporter.com, www.Washington-Tribune.com, www.SanFrancisco-Tribune.com, www.SanFranCiscoCityHearld.com, www.Sandiego-Tribune-News.com, www.SanDiego-Tribune.com, www.SanJose-Herald.com, www.SanJose-Times.com, www.TheLosAngelesJournal.com, www.LosAngelesTribuneNews, www.LosAngelesNews7.com, www.LosAngelesFinanceNews.com, www.Los-Angeles-Weekly.com, www.LosAngelesDispatch.com, www.4KAWeekIn3Steps.com, www.Action7Journal.com, www.AmericaFinanceNews.com, www.AmericaJobJournal.com, www.AmericaNewsDaily.com, www.B12-Media.com, www.BargainBoomer.com, www.Best-Job-In.com, www.BirmingHamTribune.co.uk, www.Boston-BusinessNews.com, www.Boston-Tribune.com, www.BostonFinanceNews.com, www.BostonGazetteNews.com, www.OrlandoWebTimes.com, www.ReadSomeNews.com, www.Online-Job-News.com, www.NYGazetteNews.com, www.NewYorkPostHearld.com,www.NewYorkPostHearld.com.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  ●  Fax: (425) 868-7870

WebWorks's products with laudatory language and within the body of the fake reviews link to deceptive transaction pages for those products. Intermark and Bloosky provide the necessary conduit between the publishers of fake advertising materials and Pacific WebWorks by contracting with both parties to drive deceived consumers from the initial misrepresentations to a credit card submit page.

21.     The online order path leading to Defendants' transaction pages are littered with pictures of individuals that testify to the success they have enjoyed using Pacific WebWorks's product. The individuals in Defendants' fake photos are not from the consumer's city or state; in fact, the specific locale represented is dynamically generated by instructions contained in the underlying source code for the screen page presented. That is, "Sara Stanley" from "Sacramento" is in fact simply a fictitious person whose city name is generated by source code that recognizes and responds to the (Sacramento) IP address of the consumer's computer.

22.     A consumer is required to give Pacific WebWorks certain "personally identifying information" (PII) to "CHECK AVAILABILITY" of this "<u>LIMITED TIME OFFER</u>!" A consumer's submission of her PII enables Pacific WebWorks to sell this information to other marketers of goods and products. Thus, a consumer actually does not have to "qualify" for anything, but is instead submitting to a lead generation process by which their PII (a "lead") is monetized by Pacific WebWorks and the consumer unknowingly "consents" to the receipt of additional email offers from an untold number of merchants (*i.e.*, anyone to whom Pacific WebWorks can sell this information).

23.     The product offered by Pacific WebWorks is promised at a minimal price, usually less than $3.00, which is represented as covering all costs of the product.

24.     Importantly, in order to cover this small charge, Pacific WebWorks requires that consumers give it a credit card number.

25.     A consumer's credit card number is entered into a credit card submit field on an online transaction page (the transaction page most often directly follows the landing page – the order path may be understood as starting with the initial representation that drives traffic to the landing path where a consumer's PII is taken. A billing or transaction page completes the online

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813  ●  Fax:  (425) 868-7870

order path).

26.     Materially, the only price representation clearly and conspicuously displayed on the credit card submit page or in proximity to the credit card submit box is a line that states "**Total: $1.97,**" or "**Instant Access: $2.97**." Defendants intentionally made all representations of the actual price difficult to locate and/or read, by hiding these representations on a separate page, or displaying these representations far from the payment fields in a miniscule font and diminished color contrast ratio.

27.     Calls to action like "<u>LIMITED TIME OFFER</u>!," "START TODAY!," "Start Making Money Today!," and "WORK FROM HOME, SET YOUR OWN HOURS, THEN LIVE YOUR LIFE!" are found on these pages.  These phrases are part of a static background image that are saved and displayed every time the page loads on a consumer's browser.

28.     Compelling phrases including "Satisfaction Guaranteed," "100% Secure Site," and "100% Trusted!" appear in large print scattered about the page.

29.     Ultimately, a consumer reasonably understands that ordering the Pacific WebWorks product is an action that will cause them to incur a small charge on their credit card. In fact, this small price is simply bait for a credit card number that can then be used to impose additional charges on the consumer.

30.     Though the actual price of a product is always material, in cooperating with each other, Pacific WebWorks, Intermark, and Bloosky hide the real price of their product in small print at the bottom of the transaction page or simply do not disclose it at all on this checkout page.

31.     By simply submitting credit card information to Pacific WebWorks in payment of the "discounted fee" of $1.97 (Defendants also offer their products at $.97, $1.95, $2.95, and $2.97), a consumer unwittingly agrees to a monthly recurring charge of $79.90 (also, in some instances, $69.90) for access to a program purportedly containing information that enables a consumer to "Start Making Money Today!," or "Start generating CASH instantly on the Internet!"

32.     Materially, and wholly absent any clear and conspicuous price disclosure,

LAW Offices of
**Clifford A. Cantor, P.C.**
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

consumers may also find that they have been billed $24.90 by Defendants for another, unknown product. This charge is recurring in that it appears every month on a consumer's bill. This undisclosed negative option, deceptively tied to a consumer's agreement to pay a small amount for a Pacific WebWorks product, is charged to consumers entirely without their authorization.

33.   Thus, a consumer reasonably expecting to pay less than $3.00 for a Pacific WebWorks product will be charged that sum plus: 1) $79.90, and 2) $24.90 a month for as long as the consumer fails to notice this charge and object to it.

34.   Only the charge of less than $3.00 is clearly and conspicuously disclosed by Pacific WebWorks, Intermark or Bloosky to a consumer responding to a work-at-home offer.

35.   Pacific WebWorks acts with Intermark and Bloosky to drive traffic to, promote, and sell their work-at-home product. Correspondingly, all Defendants optimize and continually oversee the creation of the deceptive advertisements concealing material terms and conditions, described herein, and receive significant revenue from the sale of each poorly-disclosed Pacific WebWorks product. Intermark and Bloosky pay affiliate marketers and publishers a price far exceeding the *de minimis* price advertised to consumers (*e.g.*, an ad network will offer "Payout: $32.00 / Sale," while on the same page stating "**Cost to Consumer:** $1.97").

36.   Defendants know or should know that these ads and offers violate clearly established laws requiring, among other seminal concerns, that all material purchase terms be clearly and conspicuously disclosed to consumers.

37.   Although Defendants use a number of specific paths and representations for their deception, each order path has a core, common underpinning; namely that a consumer will only be charged a very small price for a work-at-home product sold by or directly associated with Google or Amazon.

### Facts Relating to the Plaintiff Lisa Rasmussen

38.   Plaintiff, Lisa Rasmussen, is currently a full-time nursing student, a parent, and also works part-time. During the relevant time period, Plaintiff hoped to supplement her income in a manner that allowed her the opportunity to work from home. To that end, Plaintiff clicked on a link on her Yahoo home page that took her to what appeared to be a news article. This

PLAINTIFFS' FIRST AMENDED COMPLAINT
No. C 09-1815 TSZ
- 9 -
LAW Offices of
**Clifford A. Cantor, P.C.**
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813  ●  Fax:  (425) 868-7870

"news article" was in fact hosted by Intermark's affiliate publisher, consisting of the testimonial experience of a woman that utilized a Pacific WebWorks product to make thousands of dollars a month.  This site contained a link to Intermark's server, which instantaneously routed Plaintiff to a specific PII landing page, similar to the page described above.  Plaintiff reasonably understood that she could receive the Pacific WebWorks product (pitched as "Internet Business Kit ") for $1.97.  Plaintiff reasonably believed that this was an offer directly from Google.

39.     Plaintiff did not know that Google itself had nothing to do with this product nor did Plaintiff reasonably understand that, by agreeing to pay Pacific WebWorks $1.97, she also consented to be billed for unrevealed products or services at an undisclosed price for an ongoing period.

40.     Plaintiff only authorized Pacific WebWorks to bill her credit card for $1.97. Nevertheless, and wholly without authorization from Plaintiff, on October 26, 2009, Pacific WebWorks took from Plaintiff an additional $79.90.  Pacific WebWorks thereafter remitted a portion of that payment to Intermark for its role in obtaining Plaintiff's unauthorized payment.

41.     Additionally, Plaintiff navigated to a separate Bloosky landing page, which purported to be affiliated with Amazon.com.  This site contained a link to Bloosky's server, which instantaneously routed Plaintiff to a specific PII landing page similar to the page described above.  Plaintiff reasonably understood that she could receive the Pacific WebWorks product (pitched as "Amazon Amazing Webstore") for $2.97.  Plaintiff reasonably believed that this was an offer from Amazon based on the pervasive use of Amazon's trademark and a box stating "powered by Amazon web services.".

42.     Plaintiff did not know that Amazon itself had nothing to do with this product nor did Plaintiff reasonably understand that, by agreeing to pay Pacific WebWorks $2.97, she also consented to be billed for unrevealed products or services at an undisclosed price for an ongoing period.

43.     Plaintiff only authorized Pacific WebWorks to bill her credit card for $2.97. Nevertheless, and wholly without authorization from Plaintiff, Pacific WebWorks took from Plaintiff an additional $79.90.  Pacific WebWorks thereafter remitted a portion of that payment

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813  ●  Fax:  (425) 868-7870

to Bloosky for its role in obtaining Plaintiff's unauthorized payment.

44.     Plaintiff called repeatedly to request a refund.  Plaintiff finally did speak with a representative, at which time she told Pacific WebWorks's representative that she 1) never authorized Pacific WebWorks to bill her credit card the sum of $79.90, 2) never received the Google or Amazon Kit, and 3) wanted to cancel her order and receive a refund of the unauthorized charge of $79.90.

45.     Plaintiff told the Pacific WebWorks representative that she would not have agreed to pay $79.90 for this product if she would have clearly understood that this was the actual price for the product offered.  Nevertheless, despite her vehement assertions that she should not be charged this price, Pacific WebWorks refused to give Plaintiff a refund of this money.

46.     Incredibly, _after_ this conversation with Pacific WebWorks's representative, Pacific Web Works charged Plaintiff the additional sum of $24.95.  Plaintiff does not know what this charge is for and has called Pacific WebWorks repeatedly in an effort to have this additional charge removed from her credit card bill.  Various Pacific WebWorks's representatives have assured Plaintiff that this charge will be removed.  Despite these assurances, Plaintiff continues to be charged $24.95 each month by Pacific WebWorks.

47.     Plaintiff has _not_ been given a refund from Pacific WebWorks.

### Facts Relating to the Plaintiff Carole Johnston

48.     During the relevant time period, Plaintiff, Carole Johnston, hoped to supplement her and her husband's income in a manner that allowed her the opportunity to work from home. To that end, Plaintiff clicked on an advertisement link pitching a Google work-at-home opportunity.  Defendant Intermark or its publisher, placed the link, which offered a Google work-at-home product.  The link led to a deceptive advertisement proclaiming that an individual can make thousands of dollars per month working with Google.  Intermark's affiliate publisher also hosted this page.

49.     This site contained a link to Intermark's server, which instantaneously routed the consumer to a specific Pacific WebWork's PII landing page, similar to the page described above. Plaintiff reasonably understood that she could receive the Pacific WebWorks product (pitched as

PLAINTIFFS' FIRST AMENDED COMPLAINT
No. C 09-1815 TSZ
- 11 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 868-7870

"Google Start up Kit") for $1.97.  Plaintiff reasonably believed that this was a Google offer.

50.     Plaintiff did not know that Google itself had nothing to do with this product nor did Plaintiff reasonably understand that, by agreeing to pay Pacific WebWorks $1.97, she also consented to be billed for unrevealed products or services at an undisclosed price for an ongoing period.

51.     Plaintiff only authorized Pacific WebWorks to bill her credit card for $1.97.  Nevertheless, and wholly without authorization from Plaintiff, in August 2009, Pacific WebWorks took from Plaintiff an additional $79.90.  Pacific WebWorks continued to take $79.90 out of Plaintiff's account for five (5) months until she noticed the charged in December 2009.  The total amount Pacific WebWorks charged Plaintiff was $399.50.  Pacific WebWorks remitted a significant portion of this amount to Defendant Intermark.

52.     Plaintiff called Pacific WebWorks to request a refund.  Plaintiff spoke with a "billing supervisor," at which time she told Pacific WebWorks's representative that she 1) never authorized Pacific WebWorks to bill her credit card the sum of $79.90, 2) never received the Google Start Up Kit, and 3) wanted to cancel her order and receive a refund of the unauthorized charges totaling $399.50.

53.     Plaintiff told the Pacific WebWorks representative that she would not have agreed to pay $79.90 for this product if she would have clearly understood that this was the actual price for the product offered.  Plaintiff asked the representative if she could be provided with the "Terms of Sale" from the website.  The representative responded by saying the website was taken down but the terms could be e-mailed to Plaintiff.  Plaintiff continued to simply ask the representative to refund the unauthorized charges.  Nevertheless, despite her vehement assertions that she should not be charged, Pacific WebWorks refused to give Plaintiff a refund of this money.

54.     Plaintiff has *not* been given a refund from Pacific WebWorks.

### Class Allegations

55.     Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and a Class and two SubClasses:

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

**Pacific WebWorks Class:** Plaintiffs bring this action on behalf of themselves and a Class of similarly situated individuals, defined as follows:

> all Washington residents who submitted payment information to Pacific WebWorks for the purpose of obtaining Pacific WebWorks's products or services, and who were charged any amount other than a stated shipping and handling, processing, or discounted fee.

**Bloosky Interactive SubClass:** Plaintiff Rasmussen brings this action on behalf of herself and a SubClass of similarly situated individuals, defined as follows:

> all Washington residents who submitted credit card information to a Pacific WebWorks website for the purpose of obtaining Pacific WebWorks's products or services, and who were charged any amount other than a stated shipping and handling, processing, or discounted fee, that were traceably driven to Pacific WebWorks website(s) by Bloosky Interactive, LLC, or affiliate marketers acting through or in conjunction with Bloosky Interactive, LLC.

**Intermark Communications SubClass**: Plaintiffs bring this action on behalf of themselves and a SubClass of similarly situated individuals, defined as follows:

> all Washington residents who submitted credit card information to a Pacific WebWorks website for the purpose of obtaining Pacific WebWorks's products or services, and who were charged any amount other than a stated shipping and handling, processing, or discounted fee, that were traceably driven to Pacific WebWorks website(s) by Intermark Communications, Inc., or affiliate marketers acting through or in conjunction with Intermark Communications, Inc.

Hereinafter, the above-described Class and Subclasses may be stated as "Classes" for purposes of this Amended Complaint.

The following people are excluded from the Class and SubClasses: 1) any Judge or Magistrate presiding over this action and members of their families; 2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or its parents have a controlling interest and its current or former employees, officers and directors; 3) persons who properly execute and file a timely request for exclusion from the class and 4) the legal representatives, successors or assigns of any such excluded persons.

56.     **Numerosity:** The exact number of the members of the Classes is unknown and

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 868-7870

not available to Plaintiffs, but it is clear that individual joinder is impracticable.  On information and belief, Defendants have deceived thousands of consumers who fall into the definitions set forth in the Classes.  All members of the Classes can be identified through Defendants' records.

57.     **Typicality:**  Plaintiffs' claims are typical of the claims of other members of the Classes, as Plaintiffs and other members sustained damages arising out of the Defendants' wrongful conduct, based upon the same transactions which were uniformly made to Plaintiffs and the public.

58.     **Adequate Representation:**  Plaintiffs will fairly and adequately represent and protect the interests of the Classes, and have retained counsel competent and experienced in complex class actions.  Plaintiffs have no interest antagonistic to those of the Classes, and Defendants have no defenses unique to Plaintiffs.

59.     **Predominance and Superiority:**  This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the actions of Defendants.  It would be virtually impossible for the individual members of the Classes to obtain effective relief from the Defendants' misconduct.  Even if members of the Classes themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Amended Complaint.  By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court.  Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

60.     **Commonality:**  There are many questions of law and fact common to the Plaintiffs claims and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes.  Common questions for the

PLAINTIFFS' FIRST AMENDED COMPLAINT        - 14 -
No. C 09-1815 TSZ

LAW Offices of
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 868-7870

Classes include, but are not limited to the following:

(a)    Whether Defendants' conduct described herein violates the Washington Consumer Protection Act (RCW 19.86, *et seq.*), which protects both consumers and competitors by promoting fair competition in commercial markets for goods and services and prohibits any unlawful, unfair or fraudulent business act or practice;

(b)    Whether Defendants' conduct described herein constitutes fraud in the inducement;

(c)    Whether Defendants' conduct described herein constitutes conspiracy to commit fraud in the inducement;

(d)    Whether Defendants' conduct described herein results in unjust enrichment to Defendants;

(e)    Whether Defendants' conduct described herein results in a breach of contract.

<u>**COUNT I**</u>
**Violation of the Washington Consumer Protection Act**
**(RCW § 19.86, *et seq*.)**
**(On Behalf of Plaintiffs and the Classes)**

61.    Plaintiffs incorporate by reference the foregoing allegations.

62.    Washington's Consumer Protection Act ("CPA") (RCW § 19.86, *et seq*.) protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.

63.    The CPA prohibits any unlawful, unfair or fraudulent business acts or practices including the employment of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact.

64.    As described within, Defendants' continued utilization of unlawful and unconscionable marketing practices, and their continued practice of charging consumers' credit cards without authorization, constitutes an unlawful business practice in violation of RCW § 19.86, *et seq*.

PLAINTIFFS' FIRST AMENDED COMPLAINT
No. C 09-1815 TSZ
- 15 -

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  ●  Fax: (425) 868-7870

65.     In deceiving Plaintiffs and the Classes by creating and supporting advertising that fails to clearly and conspicuously disclose the actual price of Defendants' products, and inducing Plaintiffs and the Classes to proffer payment information based on that misrepresentation, Defendants have engaged in deceptive trade practices in violation of RCW § 19.86, *et seq*.

66.     The price of a consumer product is a material term of any transaction because it is likely to affect a consumer's choice of, or conduct regarding, whether to purchase a product. Any deception related to the price of a consumer product is materially misleading.

67.     The misrepresentation of the price of Pacific WebWorks's products is likely to mislead a reasonable consumer who is acting reasonably under the circumstances.

68.     Defendants have violated the "unfair" prong of the CPA in that their actions caused substantial injury to consumers by failing to disclose the actual price charged to a consumer and actively deceiving and inducing a customer to purchase a product.  The injury caused by Defendants' conduct is not outweighed by any countervailing benefits to consumers or competition, and the injury is one that consumers themselves could not reasonably have avoided.

69.     The act and practice of Defendants are injurious to the public interest because Defendants have injured numerous people beyond just Plaintiffs.  Defendants have the ongoing capacity to injure members of the public through the conduct alleged in this Amended Complaint.

70.     Defendants violated the "fraudulent" prong of the CPA in that their statements, advertisements, and representations regarding what amount consumers would be charged for Defendants' products are false and likely to deceive a reasonable consumer.

71.     Defendants intended that Plaintiffs and the Classes rely on their material misrepresentations and deception in that Plaintiffs and the Classes reliance induced them to submit a credit card number that could thereafter be charged without authorization.

72.     Defendants' deception occurred during the marketing and sale of a work-at-home product and therefore occurred in the course of trade and commerce.

73.     Plaintiffs and the Classes have suffered harm as a proximate result of the violations of law and wrongful conduct of Defendants in the form of actual monetary damages.

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

74.    Plaintiffs seek an order requiring Defendants to: (1) immediately stop the unlawful practices stated in this Amended Complaint; (2) make full restitution of all funds wrongfully obtained; (3) pay actual damages; and (4) pay interest, attorney's fees, and costs pursuant to RCW § 19.86.090.

**COUNT II**
**Fraud in the Inducement**
**(On Behalf of Plaintiffs and the Classes)**

75.    Plaintiffs incorporate by reference the foregoing allegations.

76.    As described with particularity in paragraphs 8 through 53, and throughout all Counts of this Amended Complaint, Defendants have disseminated, and continue to disseminate advertising that it knows or should reasonably know is false and misleading.  This conduct includes, but it is not limited to, promoting and advertising "work-at-home" products without disclosing the actual price, a material term of any transaction.  Defendants actively misstate, misrepresent and conceal the actual price(s) consumers are charged when they submit their credit card information.

77.    Through a series of advertisements, representations and false statements regarding the efficacy, association, and price of work-at-home products, Defendants acted in concert to misrepresent the actual price a consumer would be charged.  Intermark and Bloosky facilitated the widespread distribution of work-at-home offers by optimizing, directing and recruiting third party publishers to promote specific Pacific WebWorks landing pages that included deceptive terms.  Intermark and Bloosky had knowledge of the deceptive nature of these work-at-home offers and still sought to actively drive consumers to them for their own monetary gain.

78.    Pacific WebWorks, in conjunction with Intermark and Bloosky, took concrete and intentional steps to conceal the Terms of Service and/or all other representations of the actual price placed on consumers' credit cards.  Pacific WebWorks intentionally made all representations of the actual price difficult to locate and/or read, by hiding these representations on a separate page, or displaying these representations far from the payment fields in a miniscule font and diminished color contrast ratio.

79.    Intermark and Bloosky took concrete and intentional steps to conceal the actual

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813  •  Fax:  (425) 868-7870

price ultimately placed on the credit cards of members of the SubClasses.   Intermark and Bloosky intentionally made all representations of the actual price difficult to locate and/or read, by hiding the price representations in their advertising material on a separate page, or omitting it in its entirety.   Further, Intermark and Bloosky, and their affiliate marketers, assisted in the design of Pacific WebWorks landing pages so as to display the price representations far from the payment fields in a miniscule and indistinct color.

80.   Pacific WebWorks, Intermark, and Bloosky actively took part in optimizing the work-at-home transaction pages to increase the rate of conversions (sales) and has full knowledge and visibility of the website content and each transaction, including knowledge of the concealed prices.   For example, Intermark and Bloosky pay their affiliate marketers and publishers a price far exceeding the *de minimis* price advertised to consumers (*e.g.*, an ad network will offer "Payout: $32.00 / Sale," while on the same page stating "**Cost to Consumer: $1.97**").   Thus, all Defendants clearly understand that the offer pages they create and post for publishers do not contain a clear and conspicuous disclosure of the actual price a consumer will be charged or, put differently, all know that a consumer will be charged a sum beyond $1.95.

81.   Defendants intentionally misrepresented the association their work-at-home products have with Google or Amazon and other media outlets by making representations that the products stem from Google or Amazon and have been endorsed by television networks and other media outlets.   Intermark and Bloosky knew that Pacific WebWorks and their affiliate publishers were actively misusing the Google or Amazon name and other trademarks to deceive consumers.

82.   In furtherance of their fraudulent conduct, Defendants advertised and promoted their work-at-home products by using the word "free" and other variations of "free" where the actual charges, and/or any conditions placed on the offer were not clearly and conspicuously disclosed to the consumer at the time the offer was made.   Intermark and Bloosky knew that Pacific WebWorks was actively misusing the word "free" to deceive consumers.

83.   Defendants additionally promoted their products through a network of publishers operating fake news articles and fake blogs.   These promotions and marketing materials feature

PLAINTIFFS' FIRST AMENDED COMPLAINT
No. C 09-1815 TSZ                                                - 18 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813  ●  Fax:  (425) 868-7870

widespread use of the term "free" to describe Defendants' product.  Intermark and Bloosky knew that their affiliate publishers were actively misusing the word "free" to deceive consumers.

84.     By committing the acts alleged in this Amended Complaint, Defendants have knowingly disseminated untrue and/or misleading statements through false advertising in order to sell or induce members of the public to purchase work-at-home products.

85.     The price of a consumer product is a material term of any transaction because it directly affects a consumer's choice of, or conduct regarding, whether to purchase a product. Any deception or fraud related to the price of a consumer product is materially misleading.

86.     The misrepresentation of the price of a product is likely to mislead a reasonable consumer who is acting reasonably under the circumstances.

87.     Defendants knew or should have known of the falsity of the representations made regarding the work-at-home products they marketed.

88.     Defendants intended that the deceptive and fraudulent representations would induce a consumer to rely and act based on those false representations.

89.     Plaintiffs and members of the Classes were all charged monies far in excess of what they authorized.  Accordingly, Plaintiffs and members of the Classes have suffered injury in fact and lost money in justifiable reliance on Defendants' misrepresentations of material fact.

90.     In deceiving Plaintiffs and the Classes by creating and supporting advertising that fails to clearly and conspicuously disclose the actual price of their products, and inducing Plaintiffs and the Classes to proffer payment information based on that misrepresentation, Pacific WebWorks engaged in fraudulent practices designed to mislead and deceive consumers.

91.     Plaintiffs and the Classes have suffered harm as a proximate result of Pacific WebWorks's violations of law and wrongful conduct.

92.     In deceiving Plaintiffs and the SubClasses by creating and supporting advertising that fails to clearly and conspicuously disclose the actual price of their products, and inducing Plaintiffs and the SubClasses to proffer payment information based on that misrepresentation, Intermark and Bloosky have engaged in fraudulent practices designed to mislead and deceive consumers.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  •  Fax:  (425) 868-7870

93.     Plaintiffs and the SubClasses have suffered harm as a proximate result of the violations of law and wrongful conduct of Intermark and Bloosky.

94.     Plaintiffs, on their own behalf, and on behalf of the Class and SubClasses, seek damages for Defendants' unlawful conduct.

**COUNT III**
**Conspiracy to Commit Fraud in the Inducement**
**(On Behalf of Plaintiffs and the SubClasses)**

95.     Plaintiffs incorporate by reference the foregoing allegations.

96.     Defendants acted in concert as business partners to drive sales of work-at-home products, and cram consumers with unauthorized charges through false and deceptive marketing, as stated in Count I of this Amended Complaint.

97.     As a fundamental part their business relationship, Defendants acted to deceive consumers regarding the actual price of the work-at-home products, thereby inducing consumers to submit their credit card information, on which Pacific WebWorks crammed unauthorized charges.   Perpetrating the fraudulent activity described herein requires multiple identical representations from Defendants, each one reinforcing the legitimacy of the deceptive offer; therefore, it is imperative for Pacific WebWorks, Intermark and Bloosky to work cooperatively and with knowledge of each other's marketing methods.  Intermark and Bloosky play the central role in creating a consistent appearance by ensuring that Pacific WebWorks transaction pages and their affiliate publishers' sponsored links, fake news articles and blogs all convey the same deceptive marketing message.

98.     Defendants took overt acts in furtherance of their conspiracy across the nation, and specifically took overt acts in furtherance within Washington.   As described with particularity above, Defendants formed contracts with each other, created deceptive marketing, advertisements, websites, and other solicitation materials to drive consumers to the work-at-home transaction page with knowledge that the marketing contained therein was false and misleading, and with the intent that the marketing taken as a whole would be relied on by consumers. Defendants further partnered with affiliate markers and publishers to increase the

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  ●  Fax:  (425) 868-7870

effectiveness of their fraudulent and deceptive marketing.  Defendants, working together, and working with non-defendant affiliate marketers and publishers, formed a mutually beneficial network for the purpose of fraudulently and deceptively inducing consumers to submit a credit card number.

99.     Any single Defendant, acting alone, would be unable to accomplish the level of deception and fraud accomplished by Defendants acting together.  The combination of their joint fraud results in a highly fabricated offer that reinforces the appearance of legitimacy presented to consumers, thereby increasing the likelihood that a consumer will submit their credit card number.  Pacific WebWorks would not have the widespread reach to consumers across a wide variety of websites and would be unable to enroll customers with the same effectiveness without the direct involvement, assistance, and direction of Intermark and Bloosky.

100.     Plaintiffs and the SubClasses have suffered harm in the form of monetary damages as a proximate result of the conspiracy and violations carried out by Defendants.

101.     Plaintiffs, on their own behalf, and on behalf of the SubClasses, seek damages for Defendants' unlawful conduct.

## COUNT IV
### Breach of Contract
### (On Behalf of Plaintiffs and the Pacific WebWorks Class)

102.     Plaintiffs incorporate by reference the foregoing allegations.

103.     In reliance upon Defendants' misrepresentations and deceptive advertising, Plaintiffs entered into a contract to receive a product from Pacific WebWorks at a genuinely discounted price, or for the cost of processing, or shipping and handling only.  Because of these deceptive misrepresentations, Plaintiffs and the Pacific WebWorks Class entered their credit card information with the understanding that they would only be charged a genuinely discounted price or the cost of shipping and handling in exchange for a product from Pacific WebWorks.

104.     By cramming additional undisclosed charges on the credit/debit cards of Plaintiffs and the members of the Pacific WebWorks Class, Defendant breached the contract for the purchase of a product at the clearly disclosed price described above.  Plaintiffs and the members of the Pacific WebWorks Class did not assent to any additional charges and did not reasonably

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813  ●  Fax:  (425) 868-7870

expect that the contract for purchase and sale would include such additional charges.

105. At all times relevant to this action, Pacific WebWorks acted willfully and with the intent to breach the contracts they entered into with Plaintiffs and the Pacific WebWorks Class.

106. Plaintiffs and the Pacific WebWorks Class have suffered damages as a direct result of Pacific WebWorks's acts and practices in the form of monies paid and lost.

107. Plaintiffs, on their own behalf, and on behalf of the Pacific WebWorks Class, seek damages for Defendant's breach of contract, as well as interest and attorney's fees and costs.

**COUNT V**
**Restitution/Unjust Enrichment (*in the alternative to Breach of Contract*)**
**(On Behalf of Plaintiffs and the Pacific WebWorks Class)**

108. Plaintiffs incorporate by reference the foregoing allegations.

109. Plaintiffs and members of the Classes conferred a monetary benefit on Defendant Pacific WebWorks. Defendant has received and retained money belonging to Plaintiffs and the Classes resulting from substantial and unauthorized charges placed on their credit card bills by Pacific WebWorks. Defendant profits from each individual purchase made by a consumer after being directed to Pacific WebWorks's transaction pages.

110. Defendant appreciates or has knowledge of such benefit.

111. Under principles of equity and good conscience, Defendant should not be permitted to retain the money belonging to Plaintiffs and members of the Classes, which Defendant has unjustly received as a result of its unlawful actions.

112. Plaintiffs and other members of the Classes suffered damages as a direct result of Defendant's conduct.

113. Plaintiffs, on their own behalf, and on behalf of the Classes, seek restitution for Defendant's unlawful conduct, as well as interest and attorney's fees and costs.

**COUNT VI**
**Restitution/Unjust Enrichment**
**(On behalf of the Plaintiffs and the SubClasses)**

114. Plaintiffs incorporate by reference the foregoing allegations.

115. Plaintiffs and members of the SubClasses conferred a monetary benefit on Defendants Intermark and Bloosky. Defendants have received and retained money belonging to

PLAINTIFFS' FIRST AMENDED COMPLAINT
No. C 09-1815 TSZ

- 22 -

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813  ●  Fax:  (425) 868-7870

Plaintiffs and the SubClasses resulting from substantial and unauthorized charges placed on their credit card bills by Pacific WebWorks. Intermark and Bloosky profit from each individual purchase after they direct a consumer to a Pacific WebWorks transaction page.

116.    Defendants appreciate or have knowledge of such benefit.

117.    Under principles of equity and good conscience, Defendants should not be permitted to retain the money belonging to Plaintiffs and members of the SubClasses, which Defendants have unjustly received as a result of its unlawful actions.

118.    Plaintiffs and other members of the SubClasses suffered damages as a direct result of Defendants' conduct.

119.    Plaintiffs, on their own behalf, and on behalf of the SubClasses, seek restitution for Defendants' unlawful conduct, as well as interest and attorney's fees and costs.

**WHEREFORE**, Plaintiffs Lisa Rasmussen and Carole Johnston on behalf of themselves and members of the Class and SubClasses, pray for the following relief:

a.      Certify this case as a class action on behalf of the Class and SubClasses as defined above and appoint Lisa Rasmussen and Carole Johnston as class representatives and undersigned counsel as lead counsel of this class action;

b.      Enter judgment against Defendants Pacific WebWorks, Inc., Intermark Communications Inc., and Bloosky Interactive, LLC, for all monetary, actual, consequential, and compensatory damages caused by their unlawful conduct;

c.      Award Plaintiffs and the Classes civil penalties and/or punitive damages for violations of the above-cited statutes and law.

d.      Award Plaintiffs and the Classes reasonable costs and attorneys' fees;

e.      Award Plaintiffs and the Classes pre- and post-judgment interest;

f.      Enter judgment for injunctive, statutory and/or declaratory relief as is necessary to protect the interests of Plaintiffs and the Classes; and,

g.      Award such other and further relief as equity and justice may require.

PLAINTIFFS' FIRST AMENDED COMPLAINT
No. C 09-1815 TSZ

- 23 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

1

**JURY DEMAND**

2

Plaintiffs request trial by jury of all claims that can be so tried.

3

Dated:  June 8, 2010                                   EDELSON MCGUIRE, LLC

4

By:     /s/ Will Haselden

5                                                       Will Haselden
                                                        One of the Attorneys for LISA
6                                                       RASMUSSEN and CAROLE
                                                        JOHNSTON, individually and on behalf
7                                                       of a class of similarly situated individuals

8

Law Offices of Clifford A. Cantor, P.C.
9   Clifford A. Cantor (WSBA # 17893)
    627 208th Ave. SE
10  Sammamish, WA 98074-7033
    Tel:  (425) 868-7813
11  Fax:  (425) 868-7870
    cacantor@comcast.net
12

Edelson McGuire, LLC
13  Will Haselden
    Christopher Dore
14  350 N. LaSalle St., Ste. 1300
    Chicago, IL 60654
15  Tel: (312) 589-6370
    Fax: (312) 264-0351
16  whaselden@edelson.com
    cdore@edelson.com
17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' FIRST AMENDED COMPLAINT
No. C 09-1815 TSZ

- 24 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## **Certificate of Service**

I certify that on June 8, 2010, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will cause copies to be emailed to all counsel of record.

s/  Christopher L. Dore

PLAINTIFFS' FIRST AMENDED COMPLAINT
No. C 09-1815 TSZ

- 25 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 868-7870