The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| LISA RASMUSSEN, and CAROLE JOHNSTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC WEBWORKS, INC., a Nevada corporation; BLOOSKY INTERACTIVE, LLC, a California limited liability company; and INTERMARK COMMUNICATIONS, INC., a New York corporation,<br><br>Defendants. | NO.  C09-1815 TSZ<br><br>DEFENDANT BLOOSKY INTERACTIVE, LLC'S MOTION TO STRIKE PLAINTIFF'S CLASS DEFINITION<br><br>**Note on Motion Calendar:** November 19, 2010<br><br>*Oral Argument Requested* |

Pursuant to Federal Rule of Civil Procedure 12(f), defendant Bloosky Interactive, LLC ("Bloosky") respectfully submits this motion to strike plaintiff's definition of the Bloosky Interactive SubClass ("Bloosky SubClass") concurrently with its Motion to Dismiss Plaintiff's First Amended Complaint ("Complaint") and its Motion for Summary Judgment. If the Court does not grant judgment or complete dismissal to Bloosky, Bloosky respectfully requests that the Court strike plaintiff's proposed Bloosky SubClass definition.

MOTION TO STRIKE
C09-1815 TSZ
1

**LATHROP & GAGE LLP**
**100 N. RIVERSIDE PLAZA, SUITE 2100**
**CHICAGO, IL 60606**
312-920-3300

## I. LEGAL STANDARDS.

Pursuant to Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Tietsworth v. Sears*, No. 5:09-CV-00288 JF (HRL), 2010 WL 1268093, at *18 (N.D. Cal. Mar. 31, 2010) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), *overruled on other grounds*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)).

Accordingly, courts within this Circuit have stricken class allegations to avoid the time and judicial resources that would otherwise be incurred on claims that fail in the first instance. *See, e.g., Hovsepian v. Apple, Inc.*, No. 08-5788 JF (PVT), 2009 WL 5069144, at *2 (N.D. Cal. Dec. 17, 2009) ("Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained"); *Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF (PVT), 2009 WL 4723366, at *14 (N.D. Cal. Dec. 4, 2009) ("[I]t is procedurally proper to strike futile class claims at the outset of litigation to preserve time and resources."); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) ("Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery.").

## II. ARGUMENT.

The Court should strike the definition of Rasmussen's proposed Bloosky SubClass to save the time and resources that would otherwise be spent on litigating a class that cannot be maintained on the allegations in the Complaint. Rasmussen defines the Bloosky SubClass as follows:

LATHROP & GAGE LLP
100 N. RIVERSIDE PLAZA, SUITE 2100
CHICAGO, IL 60606
312-920-3300

**Bloosky Interactive SubClass:** Plaintiff Rasmussen brings this action on behalf of herself and a SubClass of similarly situated individuals, defined as follows:

> all Washington residents who submitted credit card information to a Pacific WebWorks website for the purpose of obtaining Pacific WebWork's products or services, and who were charged any amount other than a stated shipping and handling, processing, or discounted fee, that were traceably driven to Pacific WebWorks website(s) by Bloosky Interactive, LLC, or affiliate marketers acting through or in conjunction with Bloosky Interactive, LLC. (Complaint ("Compl."), Docket Entry ("DE") 24, at ¶ 55).

Because determinations of individual reliance on the misrepresentations alleged in the Complaint will be required as to each plaintiff in the proposed class, the class is not sustainable pursuant to Federal Rule of Civil Procedure 23(b)(3). Moreover, because the Bloosky SubClass as defined includes plaintiffs who suffered no damages, the class contains members lacking Article III standing and is therefore not ascertainable.

### A. Rasmussen's putative class definition should be stricken because it does not satisfy the requirements of Rule 23(b)(3).

Plaintiff's causes of action against Bloosky in the Complaint — violation of the Washington Consumer Protection Act, fraud in the inducement, civil conspiracy to commit fraud in the inducement, and unjust enrichment — are dependent upon a finding that each member of the putative class relied upon Bloosky's alleged misrepresentations. Accordingly, individual questions of law and fact predominate over the common issues of the defined class, and the Bloosky SubClass fails pursuant to Rule 23(b)(3).

"Since [Rasmussen] requests monetary damages, [s]he must satisfy the requirements of Rule 23(b)(3), requiring a finding that questions of law or fact common to purported class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Sanders*, 672 F. Supp. 2d at 990; *see also Hovsepian*, 2009 WL 5069144, at *6 (class actions pursuant to Rules 23(b)(1) and 23(b)(2) "are not suitable for actions where

MOTION TO STRIKE
C09-1815 TSZ
3

LATHROP & GAGE LLP
100 N. RIVERSIDE PLAZA, SUITE 2100
CHICAGO, IL 60606
312-920-3300

recovery of money damages is the primary relief sought by the plaintiff").[1] Rasmussen bears the burden of making a prima facie showing that the class as defined in her Complaint meets the requirements of Rule 23(b)(3) and that individual issues will not predominate. *Id.*

In support of her CPA claim against Bloosky, Rasmussen alleges that Bloosky engaged in "unlawful and unconscionable marketing practices" to deceive the putative class that induced the class "to proffer information based on that misrepresentation." (Compl., DE 24, at ¶¶64-65). As recently held by this Court, reliance on "alleged actual or misleading representations to support [a] CPA claim . . . will necessarily require individualized proof of knowledge and reliance." *Contos v. Wells Fargo Escrow Co.*, No. C08-838Z, 2010 WL 2679886, at *7 (W.D. Wash. Jul. 1, 2010) (J. Zilly).[2] Mere payment of an allegedly injurious charge — the basis for inclusion in Rasmussen's putative class — is insufficient to establish this proof. *Schnall v. AT&T Wireless Svcs., Inc.*, 168 Wash. 2d 125, 144, 225 P.3d 929 (2010) (To bring a CPA action, plaintiffs must "establish a causal link 'between the unfair or deceptive act complained of and injury suffered.'") (quoting authority omitted). Instead, where damages are alleged to have been caused by deceptive, misleading or fraudulent statements, individual reliance must be proven. *Id.* at 144-46 (collecting cases). This inquiry is incompatible with a class action. *Id.* at 147.

As discussed extensively in Bloosky's concurrently filed motion to dismiss, incorporated herein by reference, Rasmussen fails to allege with the requisite factual specificity even her

---

[1] Plaintiff Rasmussen is the only class representative asserting a claim against Bloosky. (Compl., DE 24, at ¶ 41). She purports to seek class certification under Rule 23(b)(2) and 23(b)(3). (Compl., DE 24, at ¶ 55). But the Complaint seeks primarily monetary relief, thus only Rule 23(b)(3) is relevant.

[2] Rasmussen's fraud claim also requires a finding of reliance. *See, e.g., Adams v. King County*, 164 Wash.2d 640, 662, 192 P.3d 891 (2008). Further, as discussed in Bloosky's motion to dismiss, Rasmussen's civil conspiracy and unjust enrichment causes of action are dependent upon a finding of liability in her CPA and/or fraud counts. *See* Bloosky's Motion to Dismiss, Sections III(A)(3) and III(A)(4) (filed contemporaneously with this motion).

MOTION TO STRIKE
C09-1815 TSZ
4

**LATHROP & GAGE LLP**
**100 N. RIVERSIDE PLAZA, SUITE 2100**
**CHICAGO, IL 60606**
**312-920-3300**

own claims against Bloosky. Instead, the sum of her personal narrative is that she navigated to an unknown Web site, viewed an advertisement, and based on unknown design, language and representation of the advertisement (1) determined that she could obtain a product marketed as "Amazon Amazing Webstore" for $2.97, and (2) believed that the offer came from Amazon because the advertisement stated that it was "powered by Amazon" and allegedly carried Amazon's mark. (Compl., DE 24, at ¶ 41). Rasmussen alleges that she thereafter authorized Pacific WebWorks ("PWW") to bill her credit card $2.97, but was charged against her wishes an additional payment of $79.90 and a monthly recurring charge of $24.95. (Compl., DE 24, at ¶¶ 43, 46).

Rasmussen's purported experience undeniably would have varied widely from other members included in the proposed Bloosky SubClass definition. According to the "Facts Common to All Counts" in the Complaint, advertisements to others in the Bloosky SubClass included "spam email offers, sponsored links, banner ads on internet search paths, and links in fake news articles and fake blogs." (Compl., DE 24 at ¶ 10). These ads are alleged to have utilized differing "color, words used, placement of words, font size, placement of the Terms of Service" and phrases. (Compl., DE 24 at ¶ 12). Moreover, while Rasmussen claims to have believed that the advertisement she viewed was an offer from Amazon (Compl., DE 24, at ¶ 41), not every plaintiff in the proposed Bloosky SubClass may have believed the ads were affiliated with Amazon. An individual analysis as to which alleged misrepresentation each plaintiff in the proposed class claims to have relied upon would therefore be required.

Significantly, Rasmussen does not allege that the recurring charge billed by PWW to the proposed class was undisclosed — only that "Defendants intentionally made all representations of the actual price difficult to locate and/or read, by hiding these representations on a separate page, or displaying these representations far from the payment fields in a miniscule font and diminished color contrast ratio." (Compl., DE 24, at ¶ 26). A

MOTION TO STRIKE
C09-1815 TSZ
5

LATHROP & GAGE LLP
100 N. RIVERSIDE PLAZA, SUITE 2100
CHICAGO, IL 60606
312-920-3300

further determination is therefore required as to whether each plaintiff in the proposed Bloosky SubClass actually relied upon an alleged misrepresentation as to the costs of PWW's services and products or, instead, located and reviewed the terms of the recurring charges. *See Contos*, 2010 WL 2679886, at *8 ("In light of the significantly different disclosures given to the different plaintiffs, reliance will be a crucial issue in determining whether the alleged misrepresentations were the but-for cause of each plaintiff's damages. As such, individual questions about each plaintiff's reliance would predominate and class certification of the CPA claim is not appropriate"). As presently defined, the Bloosky SubClass does not distinguish between these plaintiffs with widely divergent experiences and is therefore improper and should be stricken.

### B. The class as defined is not ascertainable.

A plaintiff bears the burden of "establishing a class that is 'precise,' 'objective,' and 'presently ascertainable.'" *Brazil v. Dell Inc.*, 585 F. Supp. 2d 1158, 1167 (N.D. Cal. 2008) (quoting authority omitted). "Even in a class action, 'constitutional standing requirements [must be] satisfied before proceeding to the merits.'" *Shin v. Esurance Inc. Co.*, No. C8-5626 RBL, 2009 WL 688586, at *4 (W.D. Wash. Mar. 13, 2009) (quoting authority omitted). Because the Bloosky SubClass includes members that have not been damaged, Rasmussen has not defined a class that is ascertainable on the facts alleged in her Complaint and the proposed class should be stricken.

In *Sanders*, a case factually similar to the instant litigation, a putative class representative alleged that he purchased an inferior iMac based on marketing he saw on Apple's Web site. *Id.* at 983. Plaintiffs asserted causes of action grounded in fraud and defined their class as anyone in the United States "who own[s] a 20-inch Aluminum iMac." *Id.* at 983, 990. The court granted Apple's motion to strike the plaintiffs' class allegations because the class definition included "individuals who either did not see or were not deceived

MOTION TO STRIKE
C09-1815 TSZ
6

LATHROP & GAGE LLP
100 N. RIVERSIDE PLAZA, SUITE 2100
CHICAGO, IL 60606
312-920-3300

by advertisements, and individuals who suffered no damages," and therefore lacked Article III standing. *Id.* at 991. For the same reasons, Rasmussen's class definition should also be stricken.

Like the *Sanders* definition, the Bloosky SubClass definition includes members who were not deceived by advertisements and suffered no damages. Instead, the class as defined includes (1) members completely satisfied with the products and services they purchased from PWW; (2) members who obtained refunds from PWW; and (3) members who successfully challenged their credit card bill. None of these individuals were damaged; they therefore lack standing to participate in a class. *Sanders*, 672 F. Supp. 2d at 991; *see also Tietsworth*, 2010 WL 1268093, at *19 (proposed class not ascertainable because it included members who had not experienced problems and were therefore not damaged); *Hovsepian*, 2009 WL 5069144, at *6 (members who have not been injured have "no standing to sue"); *Stearns*, 2009 WL 4723366, at *19 ("Article III requires that the representative or named plaintiff must share the same injury or threat of injury") (quoting authority omitted).

Rasmussen's class also impermissibly includes those who were not deceived by Web advertisements or PWW's site. Although Rasmussen claims she believed that the advertisement she saw was an offer from Amazon (Compl., DE 24, at ¶ 41), the class as defined does not exclude members who did not reach that conclusion or who made a purchase for reasons other than a misrepresentation. Similarly, Rasmussen does not allege that PWW's Web site failed to disclose the recurring monthly charges, only that the charges were "difficult to locate and/or read." (Compl., DE 24, at ¶ 26). In other words, the putative class encompasses those individuals who read all terms and conditions, were cognizant of the fact that they would receive a recurring monthly fee, and voluntarily chose to purchase the product. As such, none has been injured, and they are not viable members of the Bloosky SubClass. Rasmussen's proposed Bloosky SubClass definition should therefore be stricken.

MOTION TO STRIKE
C09-1815 TSZ
7

**LATHROP & GAGE LLP**
**100 N. RIVERSIDE PLAZA, SUITE 2100**
**CHICAGO, IL 60606**
312-920-3300

### III. CONCLUSION.

For the foregoing reasons, Bloosky respectfully requests that if the Court does not grant judgment to Bloosky or dismiss all claims, the Court strike the definition of the Bloosky SubClass in the Complaint with prejudice.

Dated: October 28, 2010

LATHROP & GAGE LLP

By: /s/ Blaine C. Kimrey
Blaine C. Kimrey (*pro hac vice*)
Bryan Clark (*pro hac vice*)
Attorneys for defendant Bloosky Interactive, Inc.
100 N. Riverside Plaza, Suite 2100
Chicago, IL 60606
T:	(312) 920-3300
F:	(312) 920-3301
E:	bkimrey@lathropgage.com
	bclark@lathropgage.com

MONTGOMERY PURDUE BLANKINSHIP & AUSTIN, PLLC

By: /s/ Peggy C. Hughes
Peggy C. Hughes
WA State Bar No. 12683
Benjamin I. VandenBerghe
WA State Bar No. 35477
Attorneys for defendant Bloosky Interactive, LLC
701 Fifth Avenue, Suite 5500
Seattle, WA 98104
Telephone: 206-682-7090
Fax: 206-625-9534
Email:	hughes@mpba.com
	biv@mpba.com

MOTION TO STRIKE
C09-1815 TSZ
8

LATHROP & GAGE LLP
100 N. RIVERSIDE PLAZA, SUITE 2100
CHICAGO, IL 60606
312-920-3300

## CERTIFICATE OF SERVICE

I hereby certify that on the date written below, I caused the foregoing MOTION TO STRIKE to be electronically filed through the CM/ECF system which will send notification of such filing to the following persons:

- Clifford A. Cantor - cacantor@comcast.net, cliffcantor@hotmail.com
- Christopher Dore - cdore@edelson.com, dore.chris@gmail.com
- Rafey Balabanian – rbalabanian@edelson.com
- J. Elizabeth Haws - bhaws@swlaw.com
- Robert E. Mansfield - rmansfield@swlaw.com, mmordue@swlaw.com
- Kenneth E. Payson - kenpayson@dwt.com, deniseratti@dwt.com
- Edmund W. Robb - robbe@foster.com, white@foster.com
- Ina B. Scher - IScher@dglaw.com
- Todd M. Shaughnessy - tshaughnessy@swlaw.com, dwithers@swlaw.com

DATED this 28th day of October, 2010.

/s/ Blaine C. Kimrey
Blaine C. Kimrey

MOTION TO STRIKE
C09-1815 TSZ
9

LATHROP & GAGE LLP
100 N. RIVERSIDE PLAZA, SUITE 2100
CHICAGO, IL 60606
312-920-3300